**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Huah Anthony LEWIS,**
**Defendant-Appellant.**

**No. 83–8401**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Oct. 9, 1984.

Beverly B. Bates, Atlanta, Ga., for defendant-appellant.

Richard H. Dean, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before RONEY, HATCHETT and CLARK, Circuit Judges.

HATCHETT, Circuit Judge:

In this criminal case, we review the district court's order denying appellant's, Huah Anthony Lewis, motions to dismiss the indictment against him because of alleged racial and sexual discrimination in the selection of juries and grand jury forepersons in the Northern District of Georgia. We also review the district court's order granting the bank restitution. Finding error, we affirm in part and reverse in part.

### Facts

A federal grand jury indicted Huah Anthony Lewis, charging that on or about November 9, 1981, Lewis robbed the Citizens and Southern National Bank, in violation of 18 U.S.C.A. § 2113(a) (West Supp. 1984) and 18 U.S.C.A. § 2113(d) (West 1970).

On December 10, 1982, Lewis filed a motion to dismiss the indictment alleging constitutional and statutory defects in the selection of grand and petit juries in the Northern District of Georgia. Lewis further alleged sexual and racial discrimination in the selection of grand jury forepersons in the same district.

On January 31, 1983, a magistrate in that district recommended that the motions regarding the selection of juries and grand jury forepersons be denied with no additional hearing. Lewis waived his right to a jury trial and agreed with the government to file a stipulation of facts to facilitate a verdict by the court. The stipulation provided, among other things, that the "defendant reserve[s] the right to appeal any denial by the court of defendant's motion relative to the grand jury."

In May, 1983, the district court issued orders denying Lewis's motion to dismiss the indictment. Thereafter, the district court reviewed the stipulated facts, found Lewis guilty of violating 18 U.S.C.A. § 2113(a) (West Supp.1984), and sentenced him. In addition, the court ordered Lewis to make restitution to the bank.

### Issues

On this appeal, we consider: (1) whether the district court erred in denying Lewis's motion to dismiss the indictment because of discrimination in the selection of grand jury forepersons; (2) whether the district court erred in denying Lewis's motion to dismiss the indictment because of constitutional and statutory defects in the selection of the grand jury; and (3) whether the district court abused its discretion in ordering restitution to the bank.

### Discussion

1. Grand Jury Foreperson

Appellant Lewis contends that the district court erred in denying his motion to dismiss the indictment against him because of discrimination in the selection of grand jury forepersons in the Northern District of Georgia. In resolving this issue, the Supreme Court's most recent decision in *Wilbur Hobby v. United States*, —— U.S. ——, 104 S.Ct. 3093, 82 L.Ed.2d 260 (1984), is dispositive. In *Hobby*, a white male was indicted on federal fraud charges. Subsequent to trial, he, as did Lewis, moved for dismissal of the indictment on the ground that discrimination existed in the selection of grand jury forepersons in violation of the due process clause of the fifth amendment.

At a hearing on the motion to dismiss, the petitioner in *Hobby*, as did Lewis, introduced testimony of a statistical social science consultant. The testimony revealed that an absolute disparity existed between the number of black persons and women residing in the Eastern District of North Carolina and those serving as grand jury

foreperson between 1974 and 1981. After reviewing this evidence, the district court denied the petitioner's motion to dismiss. Petitioner was convicted after a jury trial, and the court of appeals affirmed the conviction.

The Supreme Court granted certiorari. On appeal, the petitioner, like Lewis, invoked the due process clause of the fifth amendment and argued that discrimination in the selection of grand jury forepersons required the reversal of his conviction and dismissal of the indictment against him. In resolving this issue, the Supreme Court assumed that discrimination entered into the selection of federal grand jury forepersons in the Eastern District of North Carolina. After making this assumption, the Court held that such discrimination did not warrant the reversal of the conviction of, and dismissal of the indictment against, a white male bringing a claim under the due process clause. Thus, the Court affirmed the judgment of the United States Court of Appeals for the Fourth Circuit.

The Supreme Court reasoned that the office of federal grand jury foreperson was a ministerial role and, as such, was not so vital that discrimination in the appointment of an individual to this post would significantly violate a defendant's due process rights. —— U.S. at ——, 104 S.Ct. at 3096. The Court concluded that absent an infringement of the fundamental right to fairness as guaranteed by the due process clause, no basis exists upon which the Court could reverse petitioner Hobby's conviction or dismiss the indictment against him. —— U.S. at ——, 104 S.Ct. at 3096.

■ Finding no infringement of Lewis's fundamental right to fairness, we hold that even if discrimination entered into the selection of grand jury forepersons, such discrimination does not warrant reversal of Lewis's conviction and dismissal of the indictment. Accordingly, we affirm the district court's order denying Lewis's motion to dismiss the indictment against him.

### 2. Constitutional and Statutory Defects in the Selection of Grand and Petit Juries

Lewis contends that the "qualified jury wheel," from which his grand jury was chosen, excluded blacks as a distinct class. Lewis argues that an underrepresentation of blacks in the jury wheel exists and that this underrepresentation constitutes a denial of his fifth amendment, sixth amendment, and statutory rights. We have carefully examined Lewis's arguments on this issue and find them without merit.

The Supreme Court, however, has long acknowledged that "it is a denial of the equal protection of the laws to try a defendant of a particular race or color under an indictment issued by a grand jury ... from which all persons of his race or color have, solely because of that race or color, been excluded by the State." *Hernandez v. Texas*, 347 U.S. 475 at 477, 74 S.Ct. 667, at 670, 98 L.Ed. 866 (1954). Recent legal authority emphasizes that substantial underrepresentation of a distinctive group constitutes a constitutional violation. *Castaneda v. Partida*, 430 U.S. 482, 493, 97 S.Ct. 1272, 1279, 51 L.Ed.2d 498 (1977).

■ In order to show that an equal protection violation has occurred in the context of grand jury selection, the defendant must establish three factors. First, the defendant must establish that the group allegedly discriminated against is one that is a recognizable, distinct class singled out for different treatment under the laws. Second, the defendant must establish that the group has been substantially underrepresented in the grand jury venires over a significant period of time. Finally, the defendant must demonstrate that the selection procedure utilized is susceptible to abuse or is not racially neutral. Once the defendant has established this prima facie case, the burden shifts to the state to rebut the same. *Castaneda v. Partida*, 430 U.S. at 494–95, 97 S.Ct. at 1280–81.

■ The district court found that Lewis failed to present statistics regarding a distinct class in society and, therefore, failed to satisfy the first prong of the prima facie case test. We agree. A thorough review

of the record reveals that Lewis submitted statistics comparing the representation of white and "non-white" people. Lewis, however, has not convinced this court that "non-white" persons comprise a distinctive group singled out for special treatment under the law. The district court properly determined that Lewis failed to satisfy the first prong of the prima facie case test. (This issue was almost abandoned in the appellant's brief.)

In sum, we hold that the district court correctly found that Lewis failed to establish a prima facie case of discrimination with regard to the qualified grand jury wheel, and that in the absence of a prima facie case, the court properly denied Lewis's motion to dismiss the indictment.

### 3. Restitution

■ Lewis correctly argues and the government concedes that the district court abused its discretion in ordering restitution in addition to a 20-year term of confinement. We reverse the district court's order requiring restitution.

### Conclusion

Assuming that discrimination entered into the selection of grand jury forepersons in the Northern District of Georgia, we conclude that such discrimination warrants neither reversal of Lewis's conviction nor dismissal of the indictment against him. Correspondingly, we affirm the district court's order denying Lewis's motion to dismiss the indictment against him on this ground.

We also affirm the district court's order denying Lewis's motion to dismiss the indictment because of statutory and constitutional defects in the selection of grand juries in the Northern District of Georgia.

Finally, we reverse the district court's order granting restitution to the bank.

AFFIRMED IN PART AND REVERSED IN PART.